Argued February 22, reversed and remanded
for entry of an order consistent with this
opinion April 2, 1979

RICHARD MORGAN STONE, *Respondent,*

*v.*

CUPP, *Appellant,*

(No. 106522, CA 12431)

592 P2d 1044

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

S. Randall Johnson, Certified Law Student, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

The state appeals an order granting post-conviction relief.

Petitioner was indicted for burglary, attempted murder and carrying a dangerous weapon. Plea negotiations resulted in a written agreement that the petitioner would plead no contest to attempted murder, in return for which the state would dismiss the other charges and recommend "incarceration." Defense counsel understood that the agreement to recommend incarceration meant as a matter of practice that the prosecutor's recommendation could be general or for a specified time period up to the maximum. Defense counsel did not communicate this understanding to her client. At sentencing, the prosecutor recommended the maximum, 20 years, and the trial court imposed the maximum penalty.

The post-conviction trial court found that the plea bargain included a promise by the prosecutor to recommend incarceration but not to recommend a specific time period.[1] It granted post-conviction relief in the form of a vacation of the no-contest plea.

First, the state urges that no violation of the plea agreement has been shown by the evidence. We uphold the finding of the trial court if any evidence exists in the record to support it. The plea agreement signed by the petitioner and the prosecution states that the prosecutor will recommend "incarceration." Petitioner testified that he did not know that a maximum sentence would be recommended and would not have pled guilty if he had known. The trial court was entitled to infer that the agreement commemorated an understanding that the recommendation would be general rather than for a specified time period. Therefore, the finding is upheld.

---

[1] The court further found that the trial court was not influenced by the recommendation. This factor is immaterial under *Santobello v. New York*, 404 US 257, 92 S Ct 495, 30 L Ed 2d 427 (1971).

[475]

■■ Next, the state contends that the relief granted, vacation of the plea, is unwarranted. It urges that specific performance is the proper remedy, *i.e.*, vacation of the sentence, remand for a new sentence before a different circuit judge following a recommendation by the prosecutor consistent with the agreement. We agree.

Failure to scrupulously observe a plea bargain is cause for post-conviction relief even where the sentencing court was uninfluenced by the irregularity. *Santobello v. New York*, 404 US 257, 92 S Ct 495, 30 L Ed 2d 427 (1971). That opinion mandates no particular form of remedy, leaving to lower courts the responsibility for fashioning relief as appropriate in each individual case. In *Stewart v. Cupp*, 12 Or App 167, 506 P2d 503 (1973), we held that specific performance was an appropriate remedy on behalf of the post-conviction petitioner against the state.

In this case, the breach occurred after the plea was made. There is no conceivable basis upon which to infer that any proceedings which occurred prior to the sentencing recommendation by the prosecutor were affected by it. In other words, the fact adjudication based upon a charge and a plea of no contest was regular and untainted by the breach. There is no unfairness to the petitioner in maintaining his plea if he is able to receive the benefit of the agreement which led to the plea.

On the other hand, vacation of a regularly entered plea of no contest after passage of a substantial period of time would not be fair to the state. The petitioner made no objection to the recommendation at the sentencing hearing. That was a tactical decision by defense counsel who, she testified, did not believe it would be advantageous to the petitioner to do so. The petition for post-conviction relief was filed a year later. With the passage of time, staleness of the case and unavailability of witnesses can become an even greater problem for the prosecution which has the

primary burden of proof than for the petitioner. *Cf. State v. Ivory*, 278 Or 499, 564 P2d 1039 (1977). It is therefore not fair to needlessly force the state to a trial it was ready to prosecute over two years ago if an alternative means of enforcing the agreement is readily available.

Such a means is readily available. The sentence should be vacated and the case remanded to the original circuit court for the imposition of sentence by a different circuit judge following a recommendation by the prosecutor which is consistent with the plea agreement.

Reversed and remanded for entry of an order consistent with this opinion.