Argued and submitted October 19, 1990, sentence vacated; remanded to the post-conviction court for entry of an order January 23, 1991

## RONALD CHILCOTE,
### *Appellant,*

*v.*

## Carl ZENON,
### *Respondent.*

## (89C-10390; CA A64787)

804 P2d 521

Jay Edwards, Salem, argued the cause and filed the brief for appellant.

Yuan Xing Chen, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Petitioner appeals the post-conviction court's order holding that he had received adequate assistance of trial counsel. The parties do not dispute the facts. Petitioner pled guilty to felony driving while revoked, ORS 811.182, pursuant to a plea negotiation in which the state agreed not to make any sentencing recommendation. At the sentencing, a deputy district attorney recommended incarceration, apparently because no copy of the plea agreement was in the file. After learning of the error, she withdrew the recommendation. Petitioner asked his counsel either to withdraw his guilty plea or to ask for sentencing by a different judge. His trial counsel said that he could not do that. The sentencing court imposed a sentence of five years with a minimum term of 18 months.

■ The state argues that petitioner failed to prove inadequate assistance of counsel, because he did not show that the prosecutor's recommendation prejudiced him by affecting his sentencing term. However, whether the trial court was influenced by the recommendation is immaterial. *Santobello v. New York,* 404 US 257, 262, 92 S Ct 495, 30 L Ed 2d 427 (1971). When a plea rests on a promise by the prosecutor, the promise must be fulfilled, and no breach can be excused, even if it was inadvertent. 404 US at 262.

■ ■ Failure scrupulously to observe a plea bargain is a basis for post-conviction relief. *Santobello v. New York, supra; Stone v. OSP,* 39 Or App 473, 476, 592 P2d 1044 (1979). Petitioner pled guilty with the understanding that the state would remain silent regarding the sentence. He is entitled to have his sentence vacated and the case remanded for resentencing. *See Stone v. OSP, supra.*

Sentence vacated; remanded to the post-conviction court for entry of an order not inconsistent with this opinion.