Argued and submitted August 17, affirmed December 30, 1981

GOODRICH, dba A-1 Scale
Sales and Service,
*Appellant,*
*v.*
FARMERS FEED &
SUPPLY, CO., INC.,
*Respondent.*

(No. 39-784, CA 19592)

638 P2d 1148

Paul S. Wiggins, Jr., Forest Grove, argued the cause and led the briefs for appellant.

Mildred J. Carmack, Portland, argued the cause for respondent. With her on the brief were Michael M. Moore, Forest Grove, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

This appeal arises out of a dispute over the terms of sale of a large truck scale by plaintiff to defendant. Plaintiff brought an action against defendant alleging breach of a written contract of sale of the scale and allied equipment for $8,190. Defendant counterclaimed alleging an oral contract wherein the plaintiff purportedly was to have installed this scale kit for the sum of $19,000, which included the price of the kit. Defendant sought $2,500 damages for breaching the oral contract. The matter was tried to the court without a jury. The court concluded at the close of testimony and argument that there had not been a meeting of minds between the parties as to the undertaking that would be carried out by each of the parties and therefore denied both the plaintiff's and defendant's claims and dismissed both. We affirm.

Plaintiff appeals, claiming that the court erred in the following particulars:

(1)  admitting the testimony regarding the oral contract of installation of the scale in violation of the parol evidence rule;

(2)  entering a judgment wherein it was held that plaintiff had failed to produce evidence showing a meeting of the minds and a binding contract for the purchase and sale of the scale; and

(3)  failing to conclude that there was insufficient evidence to prove any contract other than the one putatively contained in the writing.

The material facts may be summarized as follows:

Defendant was interested in buying a new scale for its business. It began negotiations, not with plaintiff, but with a different firm, Red Crown Mill Supply. In February, 1979, defendant, through its president Mr. Ray, agreed to purchase a used truck scale from Red Crown. Under the terms of that agreement, defendant was to trade in the scale it had been using, Red Crown was to install the used scale that defendant purchased from him, and defendant was to pay a net price of $19,000 for the installed scale.

The same day the agreement with Red Crown was executed, Mr. Ray had occasion to speak with plaintiff, who is in the business of selling and installing truck scales. Mr. Ray told plaintiff about defendant's plan to purchase a scale from Red Crown. As a result of discussions that followed, defendant obtained a release from its agreement to purchase the used scale from Red Crown. Also as a result of those discussions, both plaintiff and Mr. Ray believed that they had entered an agreement that defendant would purchase a new scale from plaintiff.

Plaintiff testified as follows to those negotiations and the terms of that agreement:

"* * * I gave him the price of a scale kit. Now, I didn't quote him any installation * * *."

"* * * Myron Ray called me at home * * *. He at that point told me that he would like to purchase the scale kit and I said 'Okay, I will reduce this to writing and I will send you over a copy and I would like to have $1,000 deposit on this.'

"He agreed."

He also testified that he prepared Exhibit 3,[1] which is the writing alleged by plaintiff to be the contract between the

---

[1]

"February 21, 1979

"Farmers Feed & Supply Co., Inc.
"549 S. 2nd
"Hillsboro, Or. 97123

"Attn: Mr. Myron Ray

"Dear Mr. Ray:

"This is to confirm your order for one (1) Weigh-Tronix Truck Scale Model # MTSK 7010 Conversion Kit, cost as follows:

| | |
|---|---:|
| "1 ea. MTSK 7010 Conversion Kit | $8,940.00 |
| "1 ea. BCD output | 160.00 |
| "1 ea. Automatic Zero Tracking | 90.00 |
| "TOTAL | $9,190.00 |
| "LESS DISCOUNT ---------------------- LESS ... | (1,000.00) |
| "TOTAL COST OF ABOVE ----------------------- | $8,190.00 |

"F.O.B. *Factory. Delivery approx. 6 weeks.*

"Please sign where indicated and return one copy to me along with your check for your down payment. A self-addressed stamped envelope is enclosed.

parties, and sent it to Mr. Ray, who signed and returned it with the $1,000 down payment, and that Exhibit 3 reflected all of the terms of the agreement between plaintiff and defendant.

Mr. Ray testified about the same transaction that he and plaintiff agreed that defendant would purchase the new scale kit described in Exhibit 3 and that the total price of $19,000 would include installation. They also agreed, Mr. Ray testified, that no trade-in of defendant's old scale would be required. Each party produced other evidence in support of its version of the final agreement.

On the basis of our examination of this record and the authorities cited by both parties, we conclude that plaintiff's contentions cannot be sustained.

This was an action at law brought by plaintiff against defendant for the price of goods sold. The trial court, sitting without a jury, concluded after hearing the evidence that the minds of the parties did not meet and that therefore there was no contract. In other words, the court, after hearing the evidence, declined to accept either party's theory of the case as controlling and held simply that there was no meeting of the minds.

As to plaintiff's first assignment of error we first turn to ORS 72.2020:

"Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented:

---

"SCALE ORDERED AS LISTED ABOVE:  by /s/ Myron Ray    .

    "FARMERS FEED &
    SUPPLY CO., INC.

"If you have any question regarding any of the above, please feel free to call me.

"Sincerely,

"A-1 SCALE SALES & SERVICE

"/s/ Dwayne
"DWAYNE GOODRICH"

"(1)   By course of dealing or usage of trade as provided in ORS 71.2050 or by course of performance as provided in ORS 72.2080; and

"(2)   By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement."

Turning to Exhibit 3, as we read this instrument it constitutes a contract for the sale of the scale kit and states the cost and delivery terms of that sale. There is nothing in that instrument inconsistent with a possible oral agreement that plaintiff would sell and install the scale for $19,000. There is likewise nothing in Exhibit 3 to indicate that it was intended as an integration of the entire agreement between the parties or precluded all collateral agreements.

The evidence to which plaintiff objected did not contradict the terms of the instrument upon which plaintiff relies. Rather, it is evidence of additional terms which are consistent with that instrument and was admissible in the absence of a finding that the writing was a complete and exclusive statement of the terms of the parties' agreement. The trial judge did not make such a finding.

As to plaintiff's second assignment, namely, that the trial judge erred in holding that there was no meeting of the minds, plaintiff offered evidence that the only agreement between the parties had to do with the sale of the scale kit and that he never agreed to install the scale for defendant. Defendant, on the other hand, offered evidence that the parties discussed the sale and installation of the scale for a total price that included both and that he understood they had agreed to such an arrangement. The trial court found as a fact that the parties never agreed on the actual terms of their mutual undertaking. We conclude that the evidence is sufficient to support the trial judge's finding and judgment. In an action at law where the evidence is in conflict, and there is evidence in the record to support the trial judge's finding of fact, the same is binding on the appellate court, and the judgment must be affirmed. *Hendrix v. McKee,* 281 Or 123, 125, 575 P2d 134 (1978).

Finally, plaintiff contends that the evidence would not have supported a finding that the parties reached an

oral agreement for the sale and installation of the scale kit for $19,000. Therefore, according to plaintiff, the trial court was required to find that the written document relating only to the sale was the parties' contract. Plaintiff misses the point. The trial court found, in essence, that plaintiff did not prove the contract on which he claimed and that defendant did not prove the contract on which it counterclaimed. Whether the evidence would have *supported* a finding that there was an oral contract has nothing to do with whether the factfinder was required to *believe* that the writing constituted the entire agreement between the parties.

Affirmed.