Argued and submitted November 23, 1983, reversed May 9, reconsideration denied
June 15, petition for review denied July 31, 1984 (297 Or 546)

THOMAS CAPPS,
*Respondent,*

*v.*

CUPP,
*Appellant.*

(120,127; CA A26854)

681 P2d 158

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

David E. Groom, Deputy Public Defender, Salem, argued the cause and filed the supplemental brief for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem. Tom Capps, Salem, filed the brief pro se for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

The state appeals from a judgment granting post-conviction relief. The judgment vacated petitioner's plea of no contest and remanded the case for further proceedings. The issue is whether petitioner understood the nature of the charge against him when he entered his plea of no contest. We reverse.

In April 1977, petitioner entered a plea of no contest to a charge of assault in the first degree.[1] The indictment alleged, in part:

"The [petitioner] * * * between October 1, 1976, and February 22, 1977, in the County of Multnomah, State of Oregon, did unlawfully and knowingly, under circumstances manifesting extreme indifference to the value of human life, cause serious physical injury to Avery Biss, a three-year-old child by participating in a course of conduct over a five-month period which resulted in cuts, bruises, dislocated joints, broken bones, burns, starvation, damage to the eyes, ears, nose and mental deprivation * * *."

In his written plea petition, petitioner acknowledged that: (1) he struck Avery Biss; (2) his plea was freely and voluntarily given; (3) he understood the matters alleged in the indictment and plea petition; (4) the trial court could impose the same punishment as if he pleaded not guilty but was convicted; (5) he knew the maximum penalty was 20 years imprisonment and a $2,500 fine; (6) the state would drop two related charges, the State of Washington would also dismiss pending charges, and the Marines would drop a charge of being a deserter; and (7) the District Attorney would recommend a sentence of 20 years imprisonment.[2] In open court, the

---

[1] At the relevant time, ORS 163.185(1) provided:

"A person commits the crime of assault in the first degree if he intentionally, knowingly or recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life."

[2] The plea petition also stated that petitioner "told my lawyer all the facts and circumstances known to me about the charges against me." It also contained the following language, immediately above petitioner's signature:

"I OFFER MY PLEA OF NO CONTEST FREELY AND VOLUNTARILY AND OF MY OWN ACCORD AND WITH FULL UNDERSTANDING OF ALL MATTERS SET FORTH IN THE INDICTMENT AND IN THIS PETITION AND IN THE CERTIFICATE OF MY LAWYER WHICH FOLLOWS."

trial judge questioned petitioner about his petition. Petitioner told the trial court that he had discussed the petition with his attorney, that the plea was given freely and voluntarily, that he knew the maximum penalty, that the court was not bound to the negotiations with the District Attorney and that he understood that the trial court would arrive at a judgment on the basis of the police reports. The court asked petitioner if it were true that he based his plea on "having struck Avery Biss," and petitioner answered, "Yes." Only then did the trial court accept the plea of no contest.

■ Then the prosecutor summarized the rather lengthy police reports. In essence the summary stated that two witnesses would testify that petitioner had beaten the child of petitioner's wife for a period of five months. The beatings became more severe. Petitioner broke both his arms, broke his pelvic bones, almost pulled an ear off, put his fingers in the child's eyes and nose, burned him with scalding water, put him in a closet and would not feed him. Petitioner's court-appointed attorney admitted that the state could produce such testimony. Next, the court stated: "There's no question in my mind and I'm more than satisfied that the [petitioner] is guilty of the charge of Assault in the First Degree."[3] Later, at sentencing, the court imposed the maximum imprisonment of 20 years.[4]

In 1981, petitioner filed his fifth amended petition for post-conviction relief, alleging that his plea of no contest was not knowingly, willingly or intelligently made, because neither the court nor petitioner's attorney fully explained to him the nature and the elements of the charge against him and the court failed to determine whether petitioner fully understood the nature of the charge. The post-conviction court concluded

The plea petition and certificate of counsel are on printed forms used in Multnomah County Circuit Court. The forms meet all statutory and constitutional requirements.

[3] We do not necessarily approve of the procedure used by the trial judge. He was being called on either to accept or to reject a "no contest" plea. His choice of words could suggest that he was deciding the question of petitioner's guilt or innocence, when he was only required to determine whether there was a factual basis for the plea, ORS 135.395, and that the plea was voluntarily and intelligently made. ORS 135.390. The legal effect of a plea of "no contest" is a conviction. ORS 135.345.

[4] Petitioner appealed his sentence as cruel and unusual punishment. We affirmed. *State v. Capps*, 31 Or App 123, 570 P2d 118 (1977).

that the plea of no contest was "not knowingly, intelligently, or willingly given" and was unconstitutional, based on the following finding of fact:

> "Prior to entering his plea of no contest, petitioner had not been advised, by either the court or counsel, as to the nature or the elements of the offense with which he was charged."

We are bound to uphold findings of fact if they are supported by evidence in the record. However, we are not bound by a legal conclusion drawn from those facts, even if it is stated as a finding of fact by the post-conviction trial court. *State v. Warner,* 284 Or 147, 158, 585 P2d 681 (1978); *Stone v. OSP,* 39 Or App 473, 475, 592 P2d 1044 (1979). Whether petitioner's plea was knowingly, intelligently or willingly given is a constitutional question, which this court decides. ORS 138.650; 138.220. While it is true that the trial judge did not ritualistically identify each precise "element," as such, in his advice and his discussion of the nature of the case, we disagree with the post-conviction court's conclusion that petitioner was not advised "as to the nature or the elements" of the charge. *Henderson v. Morgan,* 426 US 637, 644, 96 S Ct 2253, 49 L Ed 2d 108 (1976); *see also State v. Denson,* 110 Ariz 159, 515 P2d 1179 (1973).

The post-conviction court also found that petitioner was not sufficiently advised of the *nature* of the offense. That is the real rub of this case. We disagree with the trial court. First, there was a plea petition which stated that petitioner believed that his attorney advised him of the nature of the charge. Second, in a deposition, petitioner's attorney stated that they had discussed the facts and their consequences. Third, at his arraignment, petitioner received a copy of the indictment, in which all of the elements, including that he had acted knowingly, were properly alleged. The deputy district attorney summarized the facts when the plea was entered. All the elements of first degree assault are included with those facts. Fourth, and most importantly, there was the discussion related above between the trial court and petitioner when the plea was accepted. Only then did the court accept the plea of no contest.

After listening to the evidence, the trial court found petitioner guilty. Petitioner heard the facts as they were summarized. He knew what he was accused of doing. He was

aware of the nature of the charges against him. He made a voluntary choice to plead no contest and, in exchange, other charges against him were dropped. He knew the effect of his plea. The record does not support the post-conviction court's finding that petitioner was not adequately made aware of the nature of the charge against him.[5]

We hold that the post-conviction court erred in granting relief. Petitioner failed to sustain his burden of proof that there was a denial of his constitutional rights.

Reversed.

---

[5] The finding of fact states that petitioner was not "advised" as to the nature of the offense. The correctness of the procedure is not gauged by an examination of what precisely was said by the trial court before accepting the no contest plea, *Raisley v. Sullivan*, 8 Or App 332, 336, 493 P2d 745, *rev den* (1972), but rather by what the trial court "determined" to be petitioner's understanding of the nature of the charge. ORS 135.385(1) only requires that the trial court determine that petitioner understands the nature of the charge.