LARRY DAVID BROCK,
*Appellant,*

*v.*

WRIGHT,
*Respondent.*

(CV 87-963; CA A50030)

778 P2d 999

Marc D. Blackman, Portland, argued the cause for appellant. With him on the brief were Lisa A. Maxfield and Ransom, Blackman & Simson, Portland.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Petitioner appeals from a judgment denying him post-conviction relief. ORS 138.530(1)(a). He assigns as error the failure of the post-conviction court to specifically enforce the terms of a plea agreement. We affirm.

Six charges were brought against petitioner, most of which were related to the manufacture and sale of controlled substances. Before entry of a plea, negotiations were entered into between petitioner's attorney and the state. A purported plea agreement resulted, under which petitioner agreed to plead guilty and the state would recommend probation if petitioner completed "agreed conditions" before sentencing. Petitioner was expected to "cooperate" with the state. No specific terms of "cooperation" were defined. Although petitioner believed "cooperation" to mean providing the police with information necessary to make arrests, the prosecutor intended petitioner to participate actively in a purchase of controlled substances.

Pursuant to the terms of the purported agreement, petitioner pled guilty. Before sentencing, he met with police to fulfill his obligations under the plea agreement. He had provided the name of one narcotics dealer and the partial name of another, when the police began to discuss more active participation. Petitioner refused to participate as requested. As a result, the prosecutor warned him that she considered the plea agreement breached and would recommend a prison sentence. On advice of counsel, petitioner decided not to withdraw his guilty pleas. At the sentencing hearing, he was sentenced to the custody of the Corrections Division.

In his petition for post-conviction relief, petitioner alleged that he was denied effective assistance of counsel, that he did not validly waive his rights of confrontation, freedom from self incrimination and trial by jury and that he did not voluntarily enter a plea of guilty, because his plea was entered in reliance on promises made and then broken by the state. The post-conviction court found that no meeting of the minds occurred between petitioner and the state. It concluded that a valid plea agreement did not exist to enforce specifically. On appeal, petitioner argues that an enforceable plea agreement existed, entitling him to specific performance, and that his counsel at the time of the original charge failed to render

effective assistance by "surrendering to the prosecutor's unilateral nullification of the plea agreement."

When there is no meeting of the minds, there is no agreement. *Transpacific Leas. v. Klineline Sand,* 272 Or 133, 144-45, 535 P2d 1360 (1975). A determination of whether there is a meeting of the minds is a finding of fact. *Goodrich v. Farmers Feed & Supply,* 55 Or App 287, 292, 638 P2d 1148 (1981). In post-conviction proceedings, we are bound to uphold findings of fact if they are supported by evidence in the record. *Capps v. Cupp,* 68 Or App 327, 331, 681 P2d 158, *rev den* 297 Or 546 (1984). There is ample evidence in the record to support the post-conviction court's finding that a meeting of the minds did not occur.

Petitioner argues that he was entitled to have his counsel insist on judicial determination of the plea bargain terms and court ordered compliance by the state, *i.e.,* a recommendation for probation at the time of sentencing. He asserts that counsel's failure to advise him that the plea agreement was binding, that the district attorney could not unilaterally nullify it and that judicial enforcement was available constituted ineffective assistance of counsel. He relies on *United States v. Harvey,* 791 F2d 294 (4th Cir 1986), and *United States v. Shanahan,* 574 F2d 1228 (5th Cir 1978), for the proposition that any ambiguity in a plea agreement must be judicially resolved against the prosecution to protect a petitioner's due process rights.[1] Neither case addresses the situation when no agreement is reached. All of petitioner's arguments presuppose a binding plea agreement. His counsel could not have rendered ineffective assistance as asserted if there was no agreement to enforce.[2]

---

[1] We do not address whether a binding agreement could be created by the prosecutor knowingly or negligently misleading petitioner. *See Transpacific Leas. v. Klineline Sand, supra,* 272 Or at 145. That argument was not raised in the post-conviction court.

[2] "[T]he courts have recognized that 'commercial contract' rules have to be applied to plea agreements with two things in mind which may require their tempering in particular cases. First, the defendant's underlying 'contract' right is constitutionally based and therefore reflects concerns that differ fundamentally from and run wider than those of commercial contract law. *See, Mabry v. Johnson,* [467 US 504, 509, 104 S Ct 2543, 81 LEd 2d 437 (1984)] (broken government promise that induced guilty plea implicates due process clause because it impairs voluntariness and intelligence of plea). Second, with respect to federal prosecutions, the courts' concerns run even wider than protection of the defendant's individual constitutional rights to concerns for the 'honor of government, public confidence in the fair administration of justice, and effective administration of justice in a federal scheme of government.' " *United States v. Harvey,* 791 F2d 294, 300 (4th Cir 1986). (Citation omitted.)

Affirmed.