Argued and submitted May 23, reversed and remanded October 24, 1990

James Clifford COLLIER,
*Appellant,*

*v.*

CITY OF SHADY COVE,
*Respondent.*

(88-3491-L-2; CA A61688)

799 P2d 691

William A. Mansfield, Medford, argued the cause and filed the briefs for appellant.

Thomas S. Parks, Medford, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Plaintiff, a residential sewer customer of the defendant city, brought this declaratory judgment action, contending that defendant did not follow notice, hearing and other procedures required by city legislation and the Local Budget Law, ORS 294.305 *et seq,* in enacting an ordinance that sets monthly sewer charges. Defendant moved to dismiss on the ground, *inter alia,* that the adoption of the ordinance was a quasi-judicial decision and is therefore reviewable only by a writ of review. The trial court agreed and dismissed the action.[1] Plaintiff appeals, and we reverse.

■ Plaintiff argues that the ordinance, which applies to all sewer users in defendant, is legislative rather than quasi-judicial. Defendant argues that, under ORS 454.030 *et seq,*[2] its

---

[1] Defendant also contends that the action is barred by laches. The trial court did not reach that issue. In the present posture of this case, the contention is without merit.

[2] ORS 454.030 provides, in relevant part:

"(1) A municipality is authorized to adopt a system of charges and rates to assure that each recipient of treatment works services within the municipality's jurisdiction or service area will pay its proportionate share of the costs of operation, maintenance and replacement of any treatment works facilities or services provided by the municipality.

"(2) A municipality is authorized to require industrial users of its treatment works to pay to the municipality that portion of the cost of construction of the treatment works which is allocable to the treatment of such industrial user's wastes. The Department of Environmental Quality is authorized to determine whether the payment required of the industrial user for the portion of the cost of the construction of the treatment works is properly allocable to the treatment of the industrial user's wastes.

"(3) A municipality is authorized to retain the amounts of the revenues derived from the payment of costs by industrial users of its treatment works services and expend such revenues, together with interest thereon, for:

"(a) Repayment to applicable agencies of government of any grants or loans made to the municipality for construction of the treatment works; and

"(b) Future expansion and reconstruction of the treatment works; and

"(c) Other municipal purposes."

ORS 454.040 provides:

"In determining the amount of treatment works costs to be paid by recipients of treatment works services, the municipality or, if applicable, the Environmental Quality Commission shall consider the strength, volume, types and delivery flow rate characteristics of the waste; the nature, location and type of treatment works; the receiving waters; and such other factors as deemed necessary."

ORS 454.060 provides:

"The powers and authority granted to a municipality or the Environmental

decision had to be based on "preexisting criteria" and was therefore quasi-judicial. Defendant relies on *Valsetz School Dist. No. 62 v. Polk Co.*, 53 Or App 18, 630 P2d 1318 (1981), *aff'd* 292 Or 385, 638 P2d 1148 (1982). We concluded there that the state statutes governing distribution of forest revenues required a quasi-judicial decision by the county, rather than one that was merely ministerial, because:

"Although the distribution to the various taxing districts is to be proportioned, the initial step by which the county determines what portion of the revenues will go to reimburse the County General Fund requires more than a mathematical computation. The County is required to examine and allocate the expenses it incurred during the year which are attributable to maintenance and supervising of the state forest lands within the county. That determination involves the exercise of judgment and discretion by the Board of County Commissioners and is the transaction of county business which is reviewable by writ of review pursuant to ORS 203.200." 53 Or App at 24. (Footnotes omitted.)

This case is similar, according to defendant. It explains:

"In setting sewer rates, the Shady Cove City Council has to exercise the same kind of judgment that this court talked about in the *Valsetz* case. The city must determine the costs of operating the sewer system. It takes into account bond payments and other fixed costs. It must determine the portion of time that city vehicles, equipment and city employees spend on the sewer plant, the lines, pumps, etc. There is no exact mathematical formula for making this determination. Once the city determines costs and expenses of operating the sewer system, the council must then set the user fees in an amount that, in the council's best judgment, is calculated to provide revenue to match these costs and expenses. In other words, the City applies the pre-existing criteria established by the standards previously cited to the facts found to exist by the city, concerning the costs and expenses of * * * operating the sewer system."

We conclude that *Valsetz* does not support defendant's argument. The issue in *Valsetz* was whether the decision required *enough* discretion or judgment to qualify as a

Quality Commission by ORS 454.010 to 454.050 are in addition to, and not in lieu of, or derogation of any other powers and authority vested in a municipality or the commission pursuant to law."

quasi-judicial action instead of a ministerial one. Here, the question is whether the city's action entailed *too much* discretion or judgment to be quasi-judicial and so was legislative instead. We conclude that defendant's action was legislative. Although ORS 454.030 *et seq* do enumerate criteria, they are not of the sort that defendant is required to apply in making its ultimate rate decision. *See Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm.*, 287 Or 591, 602-03, 601 P2d 769 (1979).

The first three subsections of ORS 454.030 authorize cities to fix rates and to use receipts in various ways; the provisions do not *require* any particular action or decision, except that rates be proportional, if they are established. However, there are many preliminary alternatives that bear on who is to be assessed and how much of a total bill is to be apportioned among them. A city's decision to assess industrial users under subsection (2) could reduce or even eliminate charges to residential users under subsection (1). A city's choice about how to allocate receipts from industrial users, pursuant to subsection (3), could have a substantial impact on the mix of payers and the amount of the total assessments. The discretionary nature of a city's actions under the statutes is underscored by ORS 454.060, which provides that everything in the statutes supplements, rather than limits, municipal authority over charges.

Defendant is not aided by ORS 280.050 *et seq,* on which it also relies. Those provisions relate to *ad valorem* tax levy proposals "for the purpose of financing the cost of any service, project, property or equipment * * * and of repairs and improvements thereto and of maintenance and replacement thereof." That financing is an alternative to some or all user charges. A city is not required to impose user charges and, if it elects to do so, ORS 454.030 gives it great latitude in deciding who and how to charge.

Given the discretion that is left to cities, ORS 454.030 *et seq* do not establish "preexisting criteria" within the meaning of *Strawberry Hill 4-Wheelers v. Benton Co. Bd. of Comm., supra,* and related cases. Moreover, the rate ordinance is not "directed to a closely circumscribed factual situation or a relatively small number of persons," 287 Or at 603, and it also falls

outside the *Strawberry Hill* definition of a quasi-judicial decision for that reason. It applies to all users in the city, and its enactment was a legislative decision.

■     Defendant also relies on *Strawberry Hill* for the proposition that, because plaintiff alleges only procedural defects and does not challenge the "merits" of the rate ordinance, he may proceed only through a writ of review. The court suggested in *Strawberry Hill* that, if a governing statute requires findings or other quasi-judicial procedures or criteria as *components* of a decision, but leaves the deliberating body complete policy discretion over an ultimate affirmative decision, the quasi-judicial components might be subject to challenge by writ of review, although the substance of the decision might not be. However, *Strawberry Hill* does not support defendant's argument that the writ of review is available to or is the exclusive means for challenging a failure to follow general procedural requirements, such as giving notice and conducting hearings, in connection with a decision that an applicable state statute makes wholly discretionary and legislative. *See Lane v. City of Prineville*, 49 Or App 385, 619 P2d 960 (1980). The decision here is legislative, and the declaratory judgment action is available to advance the contentions that plaintiff makes.

Reversed and remanded.