Submitted on record and briefs July 17, affirmed August 14, reconsideration denied October 9, petition for review denied November 26, 1991 (312 Or 526)

Marcos SOLIC,
*Appellant,*

*v.*

Carl ZENON,
*Respondent.*

(89 C 11652; CA A66440)

815 P2d 716

Noel Grefenson, Salem, submitted the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this post-conviction proceeding, petitioner seeks a new trial on the ground that he had received ineffective assistance of trial counsel because of counsel's failure to obtain or request an interpreter. He appeals from a denial of the relief requested. We review for errors of law, ORS 138.650; ORS 138.220; *Brock v. Wright,* 98 Or App 323, 326, 778 P2d 999 (1989), and affirm.

After petitioner was convicted of delivery and possession of a controlled substance, he obtained different counsel, who filed a motion for new trial on the ground that petitioner should have been provided with an interpreter at trial. After an evidentiary hearing, the trial court denied the motion, finding that petitioner understood English well enough to assist in his own defense. Petitioner appealed that ruling. However, that appeal was dismissed, because petitioner's appellate counsel contested only two non-appealable orders, rather than the trial court's final appealable judgment.

Petitioner then filed this action, alleging that he had received ineffective assistance from both trial and appellate counsel. The post-conviction court ruled that it was inappropriate to reexamine in the post-conviction proceeding whether trial counsel should have obtained or requested an interpreter for petitioner, because that issue had already been adjudicated on petitioner's motion for new trial. It also found, however, that petitioner had been denied his right to effective assistance of counsel on appeal because of that counsel's failure to perfect his appeal. Accordingly, it entered judgment allowing petitioner to file a delayed appeal.

Petitioner appeals the post-conviction court's failure to reverse his conviction on the ground of ineffective assistance of trial counsel. He contends that the finding on his motion for new trial that he understood English well enough to be able to assist in his own defense has no bearing on whether he now is entitled to a new trial as post-conviction relief. He asserts that he has alleged a case for relief and has presented evidence that he was not provided with an interpreter. Therefore, he asks that this case be remanded to the post-conviction court for a decision on the issue of whether he received effective assistance of trial counsel. In response, the

state urges us to affirm the post-conviction court, "[b]ecause petitioner already has had a full opportunity to develop a factual record on the issue, [and] he is not entitled to a second bite at the apple in post-conviction proceedings."

ORS 138.550(1) limits the availability of post-conviction relief. It provides, in part:

"[N]o proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of the conviction of the petitioner, a motion for new trial, or a motion in arrest of judgment remains available."

Petitioner's claim rests on his trial counsel's failure to request or obtain an interpreter. That matter was raised and decided in the motion for a new trial. He is not entitled to the additional post-conviction relief that he seeks, not because he has already had an opportunity to litigate the question of his right to an interpreter, but because he has been granted a delayed appeal in which he can challenge the criminal trial court's rulings. He cannot simultaneously assail those rulings in a post-conviction proceeding.

Affirmed.