Argued and submitted January 13, affirmed July 7, reconsideration denied
September 15, petition for review denied October 26, 1993 (318 Or 24)

# MICHAEL EUGENE CHEW,
## *Appellant,*

*v.*

# STATE OF OREGON,
## *Respondent.*

## (16-91-09661; CA A73765)

855 P2d 1120

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Youlee Yim You, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

Riggs, J., dissenting.

## DEITS, P. J.

■ Petitioner appeals from an order denying his petition for post-conviction relief; he argues that he was denied adequate assistance of trial counsel under Article I, section 11, of the Oregon Constitution and under the Sixth and Fourteenth Amendments to the United States Constitution. Petitioner claims that he received inadequate assistance of counsel because, *inter alia*, his attorney did not inform him that, if he pleaded guilty to DUII and subsequently drove while his driver's license was suspended, the resulting charge of driving while suspended (DWS) could be prosecuted as a felony. ORS 811.182(3)(g). We affirm.

Petitioner was charged with DUII in January, 1990. ORS 813.010. He pleaded not guilty and was approved for diversion. Thereafter, he failed to complete the diversion program and the approval was revoked. Eventually, he was taken into custody. He could not afford bail. After 11 days, his court-appointed attorney visited him in jail. According to petitioner, the conversation lasted only 5 minutes. Petitioner told his attorney that he was anxious to get out of jail because of family concerns. Petitioner claims that his attorney told him that, if he pleaded guilty, he would get out of jail the same day, but that there would be fines, probation and alcohol rehabilitation. He acknowledges that his attorney advised him that, if he pleaded guilty to the DUII charge, his license would be suspended for one year. The crux of petitioner's argument is that the attorney failed to advise him that, if he drove while his license was suspended as a result of the DUII conviction, any conviction for DWS would be a felony instead of an infraction.

Our review in post-conviction proceedings is for errors of law. ORS 138.650; ORS 138.220; *Yeager v. Maass*, 93 Or App 561, 763 P2d 184 (1988), *rev den* 307 Or 340 (1989). The issues before us are whether the facts found by the post-conviction court are supported by evidence in the record, and whether the legal conclusion drawn from those facts is correct. We are bound by the trial court's findings of fact if they are supported by evidence in the record. *Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989). If the post-conviction court fails to make express findings and there is evidence from which such facts could be decided more than

one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion made by the trial court. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

Petitioner is entitled to relief if he proves, by a preponderance of the evidence, that he suffered a substantial denial of a state or federal constitutional right in the proceeding below, which renders his conviction void. ORS 138.620(2); ORS 138.530(1)(a). In order to prove his allegation of inadequate assistance of trial counsel under the Oregon Constitution, petitioner must show that counsel failed to exercise professional skill and judgment, failed to diligently and conscientiously advance the defense and that the failure prejudiced his defense. *Krummacher v. Gierloff*, 290 Or 867, 627 P2d 458 (1981). To sustain his claim of ineffective counsel under the federal constitution, he must prove that, considering all the circumstances, counsel's assistance was unreasonable and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984).

■ Here, the post-conviction court found that petitioner's attorney did not inform him that, because his driver's license was suspended on the basis of a DUII conviction, if he drove while suspended, any DWS charge could be prosecuted as a felony. The post-conviction court concluded, however, that counsel's failure to provide him with that information did not constitute inadequate assistance. We agree. Petitioner's counsel was not constitutionally inadequate in failing to inform him of collateral consequences of a guilty plea before petitioner decided to plead guilty. To hold otherwise would require that attorneys predict their client's future criminal activities and inform them of the potential consequences of such activity. Federal courts have held that, under the United States Constitution, attorneys are not required to inform clients of the collateral consequences of a guilty plea. *See Lewis v. U.S.*, 902 F2d 576 (7th Cir), *cert den* 498 US 875 (1990); *Torrey v. Estelle*, 842 F2d 234 (9th Cir 1988). The same is true under Article I, section 11, of the Oregon Constitution. Neither the state constitution nor the federal

constitution required petitioner's attorney to inform him of the collateral consequences of his plea.

■    Petitioner also argues that his trial counsel was inadequate because counsel did not inform him of the possibility of reinstating his diversion, failed to discuss with him the merits of his DUII case, and did not attempt to reduce his bail. However, there is evidence in the record from which the post-conviction court could have determined that petitioner's allegations were false. For instance, petitioner's attorney said that he discussed the facts of the DUII case with petitioner, that he read the police reports and told

> "[petitioner] this is where we stand. I do it as a matter of course. I don't remember exactly what was said. The best thing on [petitioner's] case was the breathalizer was .06."

The attorney said that he thought petitioner had decided to plead guilty to DUII, even though his blood alcohol level was .06, because he wanted to get out of jail. He said that he would have been happy to try the case, because he would have received more fees. He also stated that he could not get bail reduced because petitioner was from out of town, and that he had explained that to petitioner. He could not recall if he talked with petitioner about reinstating him into the diversion program, but he stated that usually the court would not reinstate diversion under these circumstances.

From the evidence presented, the trial court could have found that the attorney discussed the merits of petitioner's DUII case with him, that he discussed the improbability of getting his bail reduced and that he did not believe that petitioner's diversion could be reinstated. Adequate assistance of counsel requires that counsel inform

> "the defendant, in a manner and to the extent appropriate to the circumstances and to the defendant's level of understanding, of the existence and consequences of nontactical choices which are the defendant's to make, so as to assure that the defendant makes such choices intelligently. This function of counsel is particularly important when a defendant is called upon to waive fundamental rights, as by a guilty plea or waiver of jury trial." *Krummacher v. Gierloff, supra,* 290 Or at 874.

Here, it is undisputed that petitioner's attorney advised him that a plea of guilty would result in the suspension of his

driver's license for one year, the requirement that he attend an alcohol rehabilitation program, imposition of a minimum fine of $366 with time to make payments, credit for time served and an order to pay past fines totalling $467, to be paid within one year. Under the particular circumstances, the attorney properly exercised his professional skill and judgment and his efforts were not inadequate. The post-conviction court correctly determined that petitioner received adequate assistance of counsel under both the state and federal constitutions. *See Krummacher v. Gierloff, supra; Strickland v. Washington, supra.*

■■ Even if we were to conclude that petitioner did not receive adequate assistance of counsel, that conclusion would not automatically render petitioner's guilty plea void. Petitioner must prove by a preponderance of the evidence that he would not have pleaded guilty if his attorney had properly advised him. *See Moen v. Peterson*, 312 Or 503, 824 P2d 404 (1991). In this case, petitioner stated that he would not have pleaded guilty if his attorney had told him that a subsequent DWS charge could be prosecuted as a felony. However, there was evidence that petitioner's primary motivation in pleading guilty was to get out of jail in order to provide for his family. Petitioner testified:

"Q Did you talk to [your attorney] about your status of being in custody?

"A I—briefly what I told him was that I needed to get out of jail because my—my family didn't have any food to eat. They had about $40 when I was taken into custody, and this was 11 days later. So—

"* * * * *

"Q What effect did this custody status have on your decision to go ahead and plead guilty?

"A Well, I had a responsibility to take care of my family, and if I had—I had to do something for them. I couldn't have them sitting out there going hungry. So, you know—and I was a newlywed."

Additionally, petitioner continued to drive while suspended even after he knew he could be prosecuted for a felony.

That evidence supports the finding, implicit in the trial court's order, that petitioner's primary motivation

behind his plea of guilty was the opportunity to be released from jail immediately. The post-conviction court said:

> "Regarding the custody and its effect on [petitioner], the testimony is nothing more than what sounds like usual custody and do-I-plead-to-get-out-of-jail dilemma. * * * There's no evidence that he was being illegally held. I presume bail is set based upon his traffic record [7 DWS convictions in the last 3 years] and his failure to perform the requirements of his prior diversion agreement. The lawyer cannot protect a client from himself.

> "[Petitioner] said that but for this lack of advice he wouldn't have driven while suspended, but the facts are otherwise. The facts also are on the record that [petitioner] filled out a petition to enter a plea of guilty in writing, signed it, and all of his constitutional rights are listed there. It's an adequate petition. It's an adequate waiver of all his constitutional rights. He now says something different, but its easy to now say something different."

If petitioner would have pleaded guilty with adequate assistance of counsel, his guilty plea is not void because his counsel was inadequate. *See Moen v. Peterson, supra*, 312 Or at 513; *Hill v. Lockhart*, 474 US 52, 106 S Ct 366, 88 L Ed 2d 203 (1985). Here, petitioner failed to show that he would not have pleaded guilty to DUII if he had been properly advised by his attorney and, therefore, failed to prove by a preponderance of the evidence that he suffered a substantial denial of a state or federal constitutional right entitling him to post-conviction relief. ORS 138.620(2); ORS 138.530(1)(a); *Hartzog v. Keeney*, 304 Or 57, 64, 742 P2d 600 (1987).

Affirmed.

**RIGGS, J.,** dissenting.

Basic to the Article I, section 11, guarantee of adequate assistance of counsel is the requirement that counsel inform the defendant concerning the results of a decision to plead guilty or go to trial, and give advice concerning the relative merits of the defenses and other options available to the defendant. Petitioner's trial attorney did not advise him that his prior diversion could be reinstated. Nor did the attorney discuss the relative risks of going to trial and the reasonable and distinct possibility that the facts in petitioner's case would result in a not guilty verdict.

The majority applies *Ball v. Gladden*, 250 Or 485, 443 P2d 621 (1968), and concludes that

"there is evidence in the record from which the post-conviction court could have determined that petitioner's allegations were false." 121 Or App at 478.

I disagree that the evidence is in the record. The attorney did not remember what he told petitioner or what factual discussions he had had with petitioner regarding the DUII charge. The attorney also did not remember how he evaluated petitioner's case and did not remember whether he tried to reinstate petitioner's diversion. The attorney said that he

"tell[s] the defendant this is where we stand. I do it as a matter of course. I don't remember exactly what was said."

The attorney had no recollection of the facts of petitioner's case, beyond petitioner's .06 breathalyzer result, and could not remember any specifics about his discussion with petitioner except that he told petitioner what would happen if he pleaded guilty. The attorney also stated:

"They (Junction City Municipal Court) wouldn't let him [petitioner] go without bail because [he] was not from here."

However, the attorney did not make any statements about whether he tried to get petitioner's bail reduced or whether he thought that may have been possible. The statements of the attorney do not support a finding that he fully advised petitioner of the merits of his case or of his options. Because there is insufficient evidence to support a finding by the trial court that petitioner was fully advised, this court cannot and should not presume that such a finding was made.

Clearly, defendant was prejudiced by his attorney's failure to advise him of alternatives to a guilty plea. A defense attorney testified at the post-conviction hearing that reinstatement of diversion was terminated for non-payment of fees, and because defendant was impecunious, the prospects for reinstatement of diversion and the waiver of diversion fees were especially good. Defendant was further prejudiced by his attorney's failure to explain his chances for success at trial. Four defense attorneys testified that the risks of going to trial were minimal. One attorney testified that he had never seen a DUII conviction where the defendant had a blood alcohol content lower than the level set by statute. Another attorney

said of defendant's case: "This is in the top 5% of cases I'd try."

I would hold that petitioner demonstrated that his trial attorney's representation fell below an objective standard of reasonableness, and that that failure denied petitioner his right to counsel under Article I, section 11, of the Oregon Constitution. I would also hold that that denial prejudiced petitioner's defense and renders his conviction void. ORS 138.530(1)(a); *Krummacher v. Gierloff*, 290 Or 867, 873-74, 627 P2d 458 (1981).

I dissent.