Argued and submitted March 18, affirmed May 29, 2002

# WILLIAM GRIMES,
*Appellant,*

*v.*

# Joan PALMATEER,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

## 99C-18523; A112782

47 P3d 57

George W. Kelly argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Judge, and Byers, Senior Judge.

BYERS, S. J.

**BYERS, S. J.**

Petitioner appeals from a judgment denying his petition for post-conviction relief. His petition alleges inadequate assistance of both trial and appellate counsel because they failed to contest the imposition of consecutive sentences. For the reasons set forth below, we affirm.

In 1996, petitioner pled guilty to 13 of 42 counts of burglary in the first degree and was sentenced to five years' probation on the condition that 13 months (30 days for each count) be served in jail. While in jail, petitioner was found with a sharpened toothbrush and charged with supplying contraband, a Class C felony. ORS 162.185. He was also charged with two misdemeanors arising out of threats he made to jail personnel and a threatening letter he wrote to the judge. If petitioner had been convicted, all three charges would have constituted violations of petitioner's probations.

Petitioner, through appointed counsel, negotiated a combined plea agreement on the new charges and the probation violations. The parties agreed that the court would revoke petitioner's probation, sentence petitioner to 75 months' incarceration on the burglary convictions by making the sentences on some counts consecutive to others, and dismiss the two misdemeanor charges. The court imposed sentence consistently with the agreement.

In his petition for post-conviction relief, petitioner alleged inadequate assistance on the grounds that trial counsel failed to (1) object to the consecutive sentences and (2) ensure that petitioner's plea was knowing and voluntary by advising him that the court could *not* impose consecutive sentences. He also claimed inadequate assistance of appellate counsel who failed to raise the issue of consecutive sentences on appeal. The post-conviction court denied all of petitioner's claims.

All of petitioner's claims assume that OAR 213-012-0040(2)(a) is applicable. That rule provides:

"If more than one term of probationary supervision is revoked for a single supervision violation, the sentencing

judge shall impose the incarceration sanctions *concurrently*."

(Emphasis added.) In this appeal, both parties focus on the meaning and application of that rule. Petitioner argues that the rule is mandatory. If there was only one violation of supervision (because the misdemeanor charges were dismissed), only concurrent sentences could be imposed. Defendant argues that the rule, by its terms, does not apply.

■　In this context, petitioner's focus on the rule is misplaced. Assuming that the sentence imposed did not comply with OAR 213-012-0040(2)(a), the proper question is whether, under the circumstances, petitioner's trial counsel made a reasonable tactical choice in negotiating the combined plea and sentencing agreement. *See Aquino v. Baldwin*, 163 Or App 452, 991 P2d 41 (1999), *on recons* 169 Or App 464 (2000) (tactical choice reasonable where court can identify advantage that could be gained).

Petitioner pled guilty based on an agreement to a specific sentence. The terms of that agreement are found in the transcript of the sentencing proceedings:

"[Prosecutor]: Your Honor, pursuant to negotiations that I believe were discussed with the Court, Ms. Biel, and the State yesterday, the parties are stipulating that the new crime is a violation of the probation in case number 96-1273, case 96-1239 and case 96-[1271]. That the—there is a—basically a joint recommendation that was a result of a judicial pretrial conference on this matter, and all the parties are in agreement that all the probations would be revoked, that the Court would sentence Mr. Grimes to a period of time that would total 75 months in the Department of Corrections. That would be a combination of the cases. And I don't know if the Court had actually selected which ones that—but what the discussion was is that it would sentence Mr. Grimes to one Category 9 crime of 39 months and then six of the other category 7 burglaries as six months consecutive, and then all of the other cases would either be run—would run consecutive, so the other two 9s would run at 39 months concurrent, that all of the other category 7 burglaries would run concurrent, and that the new contributing case would—or, supplying [contraband] case would run as a concurrent sentence to all—to all of those sentences.

"Further, that there would be a period of time of three years post-prison supervision on all of the cases involving the burglaries, and there would be a two-year post-prison supervision on the supplying [contraband] case.

"The Court would continue the financial obligations that are owed as restitution for the Department of Corrections to handle as it would normally handle restitution orders.

"[Defense Counsel]: And 96-6440 and 97-6008 would be dismissed.

"[Prosecutor]: That's correct. The misdemeanor cases against Mr. Grimes would be dismissed."

The court imposed sentence for one count at category 9 for 39 months and six counts at category 7 for six months each, all consecutive, for a total of 75 months. Two other counts of category 9 were sentenced at 39 months and four counts of category 7 at six months, all concurrent with the prior sentences.

■ The agreement negotiated by counsel provided for dismissal of two misdemeanor charges. Had petitioner been convicted on those charges, he would have been subject to additional sentences for those charges, and there would clearly be more than one violation of his probation for purposes of OAR 213-012-0040(2). Given the nature of the charges and circumstances, no possible good could have come from trial counsel arguing to the trial court that the agreement did not comport with OAR 213-012-0040(2). Petitioner may be implying that trial counsel should have objected to the sentence under OAR 213-012-0040(2)(a) *after* the court accepted the sentencing agreement. The short answer to that contention is that it is not one of the alternatives available to a defendant who enters into a plea agreement. *Stewart v. Cupp*, 12 Or App 167, 506 P2d 503 (1973).

■ Petitioner also contends that trial counsel rendered inadequate assistance by failing to ensure that petitioner understood the agreement. Petitioner asserts that he understood that the agreement was for 60 months of incarceration, not 75 months. The post-conviction court did not address this specific claim, but concluded that petitioner had failed to prove any of his claims by a preponderance of the evidence.

The scope of our review in these circumstances is set out in *Chew v. State of Oregon,* 121 Or App 474, 476-77, 855 P2d 1120, *rev den* 318 Or 24 (1993):

> "The issues before us are whether the facts found by the post-conviction court are supported by evidence in the record, and whether the legal conclusion drawn from those facts is correct. * * * If the post-conviction court fails to make express findings and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion made by the trial court. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968)."

In addressing that claim, we note the absence of any allegation in the petition for post-conviction relief that petitioner did not understand the terms of the agreement. Assuming that such a claim is encompassed within the broader claim that he did not knowingly enter his plea, we look to the record to determine if there is evidence to support a finding that petitioner did know that the agreement was for 75 months of incarceration.

The transcript of the plea and sentencing proceedings establishes that petitioner was present and listened to the explanation of the sentencing agreement given to the court by counsel. Petitioner did not object or indicate in any manner to the court that he did not agree with that explanation. Petitioner, through his counsel, asked to address the court. When the court gave petitioner permission to speak, petitioner merely apologized to the court for writing the threatening letter. When the court imposed sentence, petitioner gave no sign that he disagreed with the sentence imposed.

Petitioner claims that he twice expressed his disagreement to counsel, but that counsel did nothing. The record reflects that, during the proceedings, petitioner conferred with his counsel twice off the record. The contexts of those conferrals were with regard to restitution and a recommendation for boot camp. The court asked petitioner if he was willing to make a commitment if the court recommended him for boot camp. Petitioner answered in the affirmative but did not in any way indicate disagreement with the 75 months of

incarceration. We find that there are facts in the record that would support the post-conviction court's finding that petitioner did understand the plea agreement and that his plea was knowingly and willingly entered. We therefore conclude that petitioner's trial counsel did not render inadequate assistance in that regard.

Petitioner's appellate counsel likewise did not provide inadequate assistance by failing to raise an issue concerning the application of OAR 213-012-0040(2). *See generally Blackledge v. Morrow*, 174 Or App 566, 26 P3d 856, *rev den* 332 Or 558 (2001) (appellate counsel did not provide inadequate assistance by failing to assert a sentencing error where the sentence was imposed under a stipulated sentencing agreement and therefore was not reviewable under ORS 138.222(2)(d)).

Affirmed.