442 April 2, 2025 No. 281

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

KENNETH EUGENE CHRISTOPHER,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*
Umatilla County Circuit Court
21CV33917; A184028

J. Burdette Pratt, Senior Judge.

Submitted February 14, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying him post-conviction relief. His appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In 2018, after a jury trial, the trial court merged various guilty verdicts and convicted petitioner of two counts of first-degree rape, ORS 163.375, and two counts of first-degree sexual abuse, ORS 163.427. The trial court sentenced petitioner to 350 months in prison and 240 months of post-prison supervision. On appeal, we affirmed without issuing an opinion. *State v. Christopher*, 303 Or App 623, 461 P3d 313, *rev den*, 366 Or 691 (2020).

In the post-conviction court, petitioner argued that his trial counsel was ineffective by failing to inform him of an offer to plead guilty and his ability to make a counteroffer. The post-conviction court rejected that argument because the record indicated that petitioner was aware of the prosecutor's offers, and the post-conviction court did not find petitioner's claims to the contrary to be credible.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *See Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989) ("In post-conviction proceedings, we are bound to uphold findings of fact if they are supported by evidence in the record."); *see also Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal \*\*\*.").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).