No. 1109　　December 24, 2025　　59

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ISIDRO FLORES RAMOS,
*Petitioner-Appellant,*

*v.*

Jamie MILLER,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
22CV24827; A185682

J. Burdette Pratt, Senior Judge.

Submitted on November 14, 2025.

Margaret Huntington and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief contains a Section B, in which petitioner requests that we review the substantive merits of the claims presented in his post-conviction petition. *See* ORAP 5.90(1)(b). We affirm.[1]

Petitioner was convicted of unlawful sexual penetration in the first degree, sex abuse in the first degree, attempted rape in the first degree, burglary in the first degree, and coercion, for breaking into a house and sexually assaulting a child. His nonunanimous conviction for attempted rape was reversed on direct appeal.

Petitioner filed an amended petition for post-conviction relief through counsel. Petitioner alleged that he was denied the effective assistance of counsel because counsel failed to conduct a reasonable investigation by failing to fully investigate petitioner's version of events and by failing to retain an expert to forensically review and challenge the DNA evidence in his case. He alleged that counsel did not adequately discuss the risks of going to trial, the trial strategy, and plea negotiations with petitioner. Finally, petitioner alleged that trial counsel was ineffective for informing petitioner that he could not request another attorney because trial counsel was the only attorney who spoke Spanish, and that as a result petitioner did not request the court appoint substitute counsel to represent petitioner. Petitioner submitted a declaration testifying in support of those claims. The state's response included a declaration from petitioner's trial counsel explaining the communications he had with petitioner, the investigation, and the tactical reasons to forgo challenging the DNA evidence. The post-conviction court denied relief, finding that petitioner's declaration was not credible and that counsel's declaration was credible. The post-conviction court concluded that petitioner's claims were not supported by the record and that petitioner failed to show that he was prejudiced by any allegedly deficient

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

representation. *See Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989) ("In post-conviction proceedings, we are bound to uphold findings of fact if they are supported by evidence in the record."); *see also Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal * * *.").

Having reviewed the record, including the post-conviction court file, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.