No. 152　　　　February 25, 2026　　　　481

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

BARTOLO ESTEBAN SACAYON DE LEON,
*Petitioner-Appellant,*

*v.*

David PEDRO,
Superintendent,

Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
22CV25266; A186201

W. D. Cramer, Jr., Senior Judge.

Submitted January 9, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In the underlying criminal case, defendant pleaded guilty and was convicted of two counts of first-degree rape, and he was sentenced to 20 years in prison.

In the post-conviction petition, petitioner alleged that trial counsel had not explained his rights to a jury trial and to cross-examine his accuser, that those omissions rendered counsel inadequate, and that petitioner's pleas should be set aside as a result. The superintendent presented evidence from petitioner's trial counsel stating that he had informed petitioner about those rights and the consequences of his guilty pleas.

The post-conviction court denied relief, finding that petitioner was not credible about not understanding aspects of the plea deal or its consequences, and it found petitioner's trial counsel credible. In addition, the post-conviction court found that the trial court that accepted petitioner's plea had been careful to ensure that petitioner understood his rights and the consequences of waiving them.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *See Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989) ("In post-conviction proceedings, we are bound to uphold findings of fact if they are supported by evidence in the record."); *see also Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal ***.").

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.