No. 494 June 3, 2026 301

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

DANNY RAY BABBITT,
*Petitioner-Appellant,*

*v.*

Chase ABSTON,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
23CV38675; A187126

Lorenzo A. Mejia, Senior Judge.

Submitted April 10, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____

\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Petitioner appeals a judgment denying post-conviction relief. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.

In the underlying criminal case, petitioner was charged with first-degree assault, reckless endangerment, aggravated assault, and unlawful use of a weapon for shooting a person. Petitioner entered a plea agreement in which he agreed to plead no contest to second-degree assault and the remaining charges were dismissed. He was sentenced to 70 months' imprisonment.

In the post-conviction proceeding, petitioner made a single claim for relief, arguing that trial counsel rendered ineffective and inadequate assistance by inducing him to plead no contest without informing him about the mental state required to prove second-degree assault. At the conclusion of the post-conviction trial, the post-conviction court found, based on trial counsel's declaration, that trial counsel had discussed the elements with petitioner and had negotiated a plea agreement that was consistent with what petitioner specifically wanted. The court concluded that trial counsel performed competently and that, regardless, there was no prejudice. Accordingly, the post-conviction court denied relief on the petition.

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues. *See Brock v. Wright*, 98 Or App 323, 326, 778 P2d 999 (1989) ("In post-conviction proceedings, we are bound to uphold findings of fact if they are supported by evidence in the record."); *see also Newmann v. Highberger*, 330 Or App 229, 234, 543 P3d 172, *rev den*, 372 Or 588 (2024) ("The post-conviction court's finding on petitioner's credibility binds us on appeal ***.").

Affirmed.