Submitted on record and briefs July 27, 2006, affirmed January 3, petition for review denied April 10, 2007 (342 Or 633)

JAMES L. SNODGRASS,
*Appellant,*

*v.*

Robert LAMPERT,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

02-01-1651M; A120690

150 P3d 1109

Erin Galli Rohr and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant. James Lowell Snodgrass filed the supplemental brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Brewer, Chief Judge,* and Linder, Judge pro tempore.

EDMONDS, P. J.

---

* Brewer, C. J., *vice* Deits, J. pro tempore.

## EDMONDS, P. J.

Petitioner appeals from a judgment dismissing his petition for post-conviction relief, ORS 138.530. Petitioner alleges in his petition that his trial counsel was constitutionally inadequate in failing to object to the imposition of consecutive sentences, because petitioner's convictions arose from one continuous, uninterrupted course of conduct. He raises challenges under both the state and federal constitutions. We review the post-conviction court's judgment for errors of law and for evidence to support its findings, *Smart v. Maass*, 148 Or App 431, 434, 939 P2d 1184, *rev den*, 326 Or 62 (1997), and affirm.

We describe first the underlying criminal proceedings. An indictment alleged that petitioner committed a series of sex offenses arising out of conduct with a single victim on a single evening. The evidence at trial, viewed in the light most favorable to the state, established that the victim, a disabled person who suffers from mental illness, was petitioner's client when he was working for the State of Oregon as the branch manager of the Lebanon branch of Senior and Disabled Services Division of the Department of Human Services. Petitioner allowed the victim to live in a camper on his property, and he lived in a trailer nearby. On an evening in January 1996, while in his living room with the victim, petitioner engaged in oral sodomy and sexual abuse by touching the victim's breasts, and then forced the victim to his bedroom, where he engaged in sexual penetration, attempted rape, and sexual abuse by touching the victim's vagina.

A ten-count indictment charged petitioner with five sexual offenses based on two separate theories: (1) that petitioner used forcible compulsion; and (2) that the victim was incapable of consenting due to mental defect. After a jury trial, petitioner was convicted of all counts.

At sentencing, petitioner's counsel requested concurrent sentences. The sentencing court rejected the request and sentenced petitioner as follows: On one count of sodomy in the first degree (Count 1), the trial court imposed an incarceration term of 100 months. Sentences on a second count of sodomy in the first degree (Count 2), and two counts of

unlawful sexual penetration in the first degree (Counts 3 and 4), were ordered to run concurrently with the first sodomy sentence. On one count of sexual abuse in the first degree (Count 7), the trial court imposed a prison sentence of 75 months to be served consecutively to Counts 1, 2, 3, and 4. Sentences on two counts of attempted rape (Counts 5 and 6), a second count of sexual abuse in the first degree (Count 8), and two counts of sexual abuse in the third degree (Counts 9 and 10), were ordered to run concurrently with the sentence on Count 7. Petitioner's total period of incarceration based on the above sentences is 175 months. Petitioner did not raise a specific objection at sentencing to the imposition of the consecutive sentencing on Count 7 and the sentences that were ordered to run concurrently with the sentence on Count 7.

Petitioner unsuccessfully appealed from the judgment of convictions, *State v. Snodgrass*, 169 Or App 653, 10 P3d 336 (2000), *rev den*, 331 Or 584 (2001), and then sought post-conviction relief, asserting, among other arguments, that his trial counsel's failure to object to the imposition of consecutive sentences constituted inadequate assistance, because the offenses were part of a continuous, uninterrupted course of conduct. Petitioner argued that the living room and bedroom offenses were a continuous, uninterrupted course of conduct, and that the trial court was therefore required to make findings under ORS 137.123(5)[1] before imposing consecutive sentences. Defendant Superintendent

---

[1] ORS 137.123 provides, in part:

"(4) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

contended in the post-conviction court that the offenses were "not an uninterrupted course of conduct that would have substantiated an objection to consecutive sentences." He argued in the alternative that, if the offenses were part of an uninterrupted course of conduct, the evidence was sufficient to support findings under ORS 137.123(5)(b) that would support the imposition of consecutive sentences.

The post-conviction court ruled:

> "[T]he record supports [defendant's] argument * * * that '[t]his is not an uninterrupted course of conduct that would have substantiated an objection to consecutive sentences.' And I further find that [the] claim of inadequate counsel or insufficient counsel under either the State or Federal Constitution lacks merit, and should be denied."

■ Petitioner continues to argue on appeal that his trial counsel was inadequate in failing to object to the imposition of consecutive sentences, because the crimes were part of the same uninterrupted course of criminal conduct and findings were required under ORS 137.123(5) before consecutive sentences could be imposed. Defendant no longer takes the position that the offenses were not a part of the same uninterrupted course of criminal conduct. Rather, he now asserts that petitioner did not suffer prejudice by his trial counsel's failure to object to the imposition of consecutive sentences, because it is unlikely that, if the objection had been made, the trial court would have altered the sentences.

■ To prevail in a claim for post-conviction relief on the basis of inadequate assistance of counsel under Article I, section 11, of the Oregon Constitution, a petitioner must show, by a preponderance of the evidence, that his or her counsel did not exercise reasonable professional judgment or skill and that the petitioner suffered prejudice as a result. *Trujillo v. Maass*, 312 Or 431, 435, 822 P2d 703 (1991). To establish ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, a petitioner must prove that counsel's representation fell below an objective standard of reasonableness and that counsel's performance prejudiced the defense. *Strickland v. Washington*, 466 US 668, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (test is

whether, considering all the circumstances, counsel's assistance was unreasonable and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

We review post-conviction proceedings for errors of law. *Chew v. State of Oregon*, 121 Or App 474, 855 P2d 1120, *rev den*, 318 Or 24 (1993). The issues before us are whether the facts found by the post-conviction court are supported by evidence in the record and whether the legal conclusions drawn by the court from those facts are correct. We are bound by the post-conviction court's findings of fact if they are supported by evidence in the record. If the post-conviction court fails to make express findings and there is evidence from which such facts could be decided more than one way, we will presume that the facts were decided in a manner consistent with the ultimate conclusion made by the court. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

To establish his post-conviction claim, petitioner was required under *Trujillo* and ORS 138.530(1)(a) to show prejudice as a result of any ineffective assistance of counsel. Because the post-conviction court agreed with defendant's argument that petitioner's convictions did not arise from an uninterrupted course of conduct, the post-conviction court made no express finding or conclusion regarding petitioner's showing of prejudice. Nevertheless, in order to avoid an unnecessary remand, we may affirm the post-conviction court's ruling if its conclusion is correct for some reason other than that articulated by the court. *Brock v. Baldwin*, 171 Or App 188, 193, 14 P3d 651 (2000), *rev den*, 332 Or 56 (2001). For the reasons that follow, we conclude that petitioner has failed to demonstrate an entitlement to post-conviction relief.

As stated, in this post-conviction relief proceeding, the burden is on petitioner to show by a preponderance of evidence that trial counsel failed to exercise objectively reasonable professional skill and judgment and that petitioner suffered prejudice as a result. In order to demonstrate prejudice under Article I, section 11, of the Oregon Constitution, petitioner must show that trial counsel's ineffectiveness had a "*tendency to affect the result* of the prosecution * * *." *Lichau v. Baldwin*, 333 Or 350, 359, 39 P3d 851 (2002) (emphasis in

original). Under the federal constitution, the question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Chew*, 121 Or App at 477. Thus, in evaluating petitioner's claim that trial counsel was inadequate in failing to object to the imposition of consecutive sentences on the basis of ORS 137.123, in light of the fact that trial counsel requested that petitioner be sentenced concurrently, it is appropriate to consider first whether such an objection would have been successful at trial. *See Warren v. Baldwin*, 140 Or App 318, 322, 915 P2d 1016, *rev den*, 324 Or 229 (1996) (considering whether motion to sever, if made, would have succeeded).

At sentencing, when petitioner's trial counsel requested concurrent rather than consecutive sentences, he expressly noted that the ten offenses were a part of a single criminal episode. The trial court rejected counsel's request, explaining:

> "Mr. Snodgrass, first of all, your criminal history establishes that this is not just an isolated incident of some bad judgment. You committed similar offenses over a substantial length of time in your previous history. You had a 20 year sentence commuted to five years by the Governor. Pretty unusual. That was back in 1975. And in recognition of that commutation, you've now got yourself convicted of sexual abuse in the first degree in 1982 and attempted arson in the first degree back in 1982. I think the Governor made a mistake.

> "Even if these were consensual actions, they are aggravated by the fact that you used your position of authority given you by the State of Oregon. You abused that to gain access to a victim who was particularly vulnerable.

> "There are several aggravating factors that apply. The presentence report notes those. Each of those aggravating factors individually as well as collective[ly] justify the sentence that I am about to impose. And that is consecutive sentences.

> "Particularly, you knew or had reason to know of the victim's particular vulnerability. Certainly you had access to her file. Confidential information. And you used that

information and abused that information to gain your access to her and use the victim for your own purposes.

"You have a history of similar offenses.

"As I mentioned earlier, you violated the public trust and your professional responsibility. I don't know how in the world to begin with the Adult and Family Services placed you in the position that they did. But certainly you abused that trust that they placed in you.

"I do believe that there is some additional permanent injury suffered by the victim[.] And the fact that you have had prior sanctions, probations, incarcerated, have not served to deter your continuing criminal activity."

Although the trial court's findings were not couched in terms of ORS 137.123(5)(b), trial counsel could have reasonably understood the court's findings to address the requirements of the statute, or he could have reasonably concluded that, in light of those findings, it would be futile to raise an objection to consecutive sentences. Indeed, the trial court repeatedly referred to the particular vulnerability of the victim and petitioner's violation of the public's trust, finding "that there is some additional permanent injury suffered by the victim[.]" Those references appear to objectively fall within the scope of ORS 137.123(5)(b), which addresses the import of harm arising from criminal conduct that is qualitatively different than that ordinarily contemplated by a criminal charge based on the conduct.

Even if the trial court's findings were not intended to comply with ORS 137.123(5)(b), we agree with defendant that petitioner did not prove that, if trial counsel had made an objection to consecutive sentences, the trial court would have imposed concurrent sentences. In light of the trial court's lengthy explanation of why it was imposing consecutive, rather than concurrent, sentences, it is more probable that the trial court would have recouched its findings in terms of ORS 137.123(5)(b), had such an objection been made. We are particularly persuaded by that proposition because the trial court rejected trial counsel's initial request for concurrent sentences. For all of the above reasons, we conclude as a matter of law that petitioner has not satisfied the requirements for post-conviction relief.

Petitioner also raises *pro se* claims of error that we reject without discussion.

Affirmed.