Submitted July 19, reversed and remanded August 29, 2012

ROBERT LEWIS HENLEY,
*Petitioner-Appellant,*

*v.*

Rick COURSEY,
Superintendent,
Eastern Oregon Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
CV101500; A149491

286 P3d 1242

James N. Varner filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Senior Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

Petitioner appeals a judgment denying his petition for post-conviction relief, in which he alleged that he was denied constitutionally adequate assistance of counsel, in part because trial counsel failed to file a direct appeal despite petitioner's request to do so. Petitioner asserts on appeal that the post-conviction court erred in denying post-conviction relief on that ground. In reviewing petitioner's assignment of error, we are bound by the post-conviction court's findings of fact if they are supported by evidence in the record. *Snodgrass v. Lampert*, 210 Or App 390, 395, 150 P3d 1109, *rev den*, 342 Or 633 (2007).

In ruling on petitioner's claim for post-conviction relief, the court made the following finding:

> "[Petitioner] says to [his trial attorney], 'I want to appeal.' And [the trial attorney] says, 'You have to call my office. You have to give the information to the secretary, and she'll get it started.' And then [petitioner] admits he never made the call. He never called the secretary to get things started."

In view of that finding, the court concluded that petitioner was not entitled to relief and declined to resolve an additional factual dispute presented by the parties.

However, the evidence does not support the post-conviction court's factual finding. At the end of the sentencing hearing in the underlying criminal proceeding, the following exchange occurred:

> "[Trial counsel]: If you do, all you do is—all you have to do is appeal.
>
> "* * * * *
>
> "[Trial counsel]: All you have to do is call my office and tell us that you want to appeal. Okay?
>
> "[Defendant]: I want an appeal.
>
> "[Trial counsel]: All right. We'll (INAUDIBLE). Thank you, Judge."

Thus, although the post-conviction court found that when petitioner said that he wanted to appeal, trial counsel responded by instructing petitioner to call counsel's office,

that finding is at odds with the evidence in the record. Instead, the evidence is that counsel assured petitioner that if he wanted to appeal he just needed to call the office and tell them, petitioner immediately informed counsel that he did want to appeal, and counsel responded by saying, "All right." Because there is no evidence to support the factual finding underlying the post-conviction court's ruling, we must reverse the judgment and remand the case to the post-conviction court.

Reversed and remanded.