**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAMES L. SNODGRASS,

    Petitioner - Appellant,

v.

RICK ANGELOZZI,

    Respondent - Appellee.

No. 12-35220

D.C. No. 3:07-cv-06254-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted November 7, 2013
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District
Judge.[**]

    James L. Snodgrass appeals the district court's denial of his 28 U.S.C. § 2254

habeas corpus petition. He argues that he is entitled to federal habeas relief because

his state court trial counsel provided ineffective assistance in eight ways:

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Philip M. Pro, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

1.      by failing to call Dr. Prasanna Pati;
2.      by failing to call Joan Haller;
3.      by failing to call Randy Blair;
4.      by failing to call Snodgrass' daughter, Jo Lynne Snodgrass;
5.      by failing to call the victim's former husband, Lee;
6.      by failing to offer Jess Miller's statement;
7.      by "failing to offer any expert testimony to challenge [the victim's] alleged DID [Dissociative Identity Disorder] diagnosis or her account of how that alleged disability made her incapable of consent;" and
8.      by cross-examining "the victim in a manner that opened the door to otherwise-inadmissible, prejudicial evidence of Mr. Snodgrass's prior conviction for sex abuse."

## Exhausted Claims

Snodgrass raised claims (1) through (4) in his petition for post-conviction relief in the Oregon Circuit Court. That court rejected all four claims on the merits. The Oregon Court of Appeals in turn rejected the claims "without discussion." *Snodgrass v. Lampert*, 150 P.3d 1109, 1113 (Or. Ct. App. 2007).

The district court adopted a magistrate judge's report and recommendation, finding that the state court's rejection of these claims "was not contrary to or an unreasonable application of clearly established law and Petitioner is not entitled to habeas corpus relief" on these claims. We agree and affirm.

With respect to claim (1), Snodgrass concedes that trial counsel determined that Dr. Pati "would not be a helpful witness," but makes no argument to counter that determination. As for claims (2) and (3), Snodgrass provides no argument on appeal as to what Haller or Blair could have testified to and has not explained why counsel

2

was ineffective in failing to call them as witnesses.

In regard to claim (4), counsel's failure to call Snodgrass' daughter as a witness, Snodgrass argues she "could have testified that, before the incident, [the victim] was acting in an 'intimate and affectionate' manner towards him." Counsel's strategy in not calling this witness was not ineffective assistance because the proposed testimony was cumulative to the testimony of another witness who did not have the potential credibility issues that would apply to the daughter of the defendant. *Babbitt v. Calderon*, 151 F.3d 1170, 1174 (9th Cir. 1998).

## **Unexhausted Claims**

Snodgrass did not raise claims (5) or (6) in his formal petition for post-conviction relief in the Oregon Circuit Court. He first raised them in a pro per motion for reconsideration in the Oregon Court of Appeals. Snodgrass did not raise claims (7) or (8) in his formal petition for post-conviction relief or in his pro per supplemental brief in the Oregon Circuit Court. These claims were procedurally defaulted under state law, Or. Rev. Stat. Ann. § 138.550 (West 2013), and the federal courts ordinarily would be barred from reviewing them in habeas proceedings, *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). However, after the district court entered its order in this case, the Supreme Court decided *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012), which recognized a limited exception to *Coleman*. Under

3

*Martinez*, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* In order to invoke the *Martinez* exception, a federal habeas petitioner must demonstrate that an ineffective assistance of counsel claim is "a substantial one, which is to say, that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

In *Detrich v. Ryan*, --- F.3d ---, No. 08-99001, 2013 WL 4712729, at *2 (9th Cir. Sept. 3, 2013) (en banc), this court dealt with a habeas case procedurally identical to this one, in which the district court had rejected claims as procedurally defaulted before *Martinez* was decided and the petitioner argued for the first time on appeal that the claims nonetheless remained viable under the *Martinez* exception. The en banc court remanded to the district court "under *Martinez* to determine, in the first instance, whether there is 'cause' to excuse state PCR counsel's procedural default" of Detrich's ineffective assistance of counsel claims. *Id.* *9.

*Detrich* teaches that the prudential course in this case is to permit the district court to determine in the first instance whether Snodgrass has established cause and prejudice under *Martinez* sufficient to permit federal review of claims (5) through (8). We therefore remand those claims to the district court. In so doing, we express no

4

opinion with respect to the substantiality of these claims, the proper application to this case of *Detrich*, *Martinez*, or *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), or whether the district court need conduct an evidentiary hearing to determine whether cause and prejudice has been established. Each party shall bear its own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.